Lush KAPAJ, Petitioner,

v.

Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.

No. 07–0179–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle G. Latour, Assistant Director; Jessica A. Sherman, Trial Attorney; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Lush Kapaj, a native and citizen of Albania, seeks review of a December 29, 2006 order of the BIA denying Kapaj's motion to reopen removal proceedings. *In re Lush Kapaj,* No. A 78 927 224 (B.I.A. Dec. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Kapaj's motion as untimely. The BIA noted that the final order in these proceedings was entered in November 2003, and Kapaj did not file his motion to reopen until November 2006, well beyond the 90-day filing deadline. 8 C.F.R § 1003.2(c)(2).

■ Moreover, the BIA properly found that Kapaj did not establish that he qualified for an exception to the time limitation for motions to reopen. The regulations provide that a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was issued in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c). This time limitation, however, does not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA properly found that Kapaj's desire to apply for adjustment of status based on his marriage to a United States citizen did not constitute an exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

■ Additionally, the Government correctly asserts that Kapaj failed to exhaust his administrative remedies as to the issue of changed country conditions. *See* 8 C.F.R. § 1003.2(c). While Kapaj submitted various articles concerning recent events in Albania in his motion to reopen before the BIA, he failed to reference them or to articulate an argument pertaining to changed country conditions. Because Kapaj failed to raise before the BIA the issue of changed country conditions, we decline to review it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement).

■ Similarly, to the extent that Kapaj contends that the filing deadline in his case should be equitably tolled because he "diligently and consistently pursued relief" from removal, that argument is unavailing because Kapaj failed to raise that issue before the BIA. *See id.*

■ Finally, Kapaj's challenge to the BIA's refusal to exercise its *sua sponte* authority to consider the merits of his claim is beyond this Court's review because the decision of the BIA to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

420

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).